David Martin HABER, Plaintiff,

v.

ASN 50TH STREET, LLC, Linda Early,
and Mark Haller, Defendants.

No. 10 Civ. 3536(VM)(JLC).

United States District Court,
S.D. New York.

Feb. 9, 2011.

David Martin Haber, New York, NY, for Plaintiff.

Craig Robert Benson, Alex Ali Ayazi, Littler Mendelson, P.C. (NYC), New York, NY, for Defendants.

MEMORANDUM AND ORDER

JAMES L. COTT, United States Magistrate Judge.

Defendants ASN 50th Street, LLC, Linda Early ("Early"), and Mark Haller ("Defendants") move to compel responses to their discovery demands from *pro se* plaintiff David Martin Haber ("Haber" or "Plaintiff"). Defendants also seek relief with respect to two subpoenas *duces tecum* served upon defendant Early and R. Scot Sellers ("Sellers"), CEO of ASN. Finally, Defendants move to dismiss for failure to prosecute.[1]

## I. DISCUSSION

### A. Motion to Compel

On or about November 23, 2010, Defendants served Haber with their First Set of Interrogatories and First Set of Document Requests, to which Haber provided Defendants with unverified and undated responses. Letter of A. Ali Ayazi, dated Jan. 12, 2011 ("Ayazi Jan. 12 Letter") Exs. A–C. On January 4, 2011, Defendants sent Haber a letter outlining several purported deficiencies in his discovery responses, and requested that he respond to their letter by January 6, 2011. *Id.* Ex. E.

Having not heard from him by January 9, 2011, Defendants e-mailed Haber a second time and advised him of their intent to seek judicial intervention. *Id.* Defendants now seek to compel Haber to supplement his responses to their discovery demands.

Haber opposes Defendants' motion by letter dated January 24, 2011, arguing that he "answered all questions to the best of [his] ability because frankly every question was simply paraphrased and repeated and 90% of questions [sic] Landlord has all the information ..." Letter of David Martin Haber, dated January 24, 2011 ("Haber Jan. 24 Letter").

### 1. Plaintiff's Verification of Interrogatory Responses

■ Federal Rule of Civil Procedure 33(b)(5) requires that interrogatory responses be verified. As Haber provided unverified responses to Defendants' First Set of Interrogatories, he is directed to serve Defendants with verified responses. *See* A Manual for *Pro Se* Litigants Appearing Before the United States District Court for the Southern District of New York (*"Pro Se* Manual"), at 85 ("If the other party sends you interrogatories, you must respond to the interrogatories in a sworn, signed statement within thirty (30) days.") (citing Fed.R.Civ.P. 33(b)).

### 2. Plaintiff's Medical Records

■ Interrogatory No. 12 and Document Request Nos. 9, 12, and 26 seek information relating to Haber's allegation that he has suffered "severe mental anguish" as a result of Defendants' alleged discriminatory conduct. Compl. ¶ IV. These discovery requests seek the identities of Haber's physical and mental health care providers since 2005, and fully-executed HIPAA-compliant and Social Security Disability forms. Because Haber has placed his mental condition at issue— indeed the only damages he seeks relate to his mental and emotional health—records concerning his mental health treatment are relevant and therefore discoverable. *See In re Consolidated RNC Cases,* 2009 WL 130178, at *7 (S.D.N.Y.2009) (plaintiff waived doctor-patient privilege by alleging mental and emotional damages in pleadings); *Chiquelin v. Efunds Corp.,* No. 02 Civ. 5152(LAP)(DFE), 2003 WL 21459581, at *2 (S.D.N.Y. June 24, 2003) (plaintiff in employment discrimination suit ordered to produce "records concerning his treatment for any mental or emotional conditions."); *Lopez v. Catholic Charities of Archdiocese of N.Y.,* No. 00 Civ. 1247(AGS), 2000 WL 1725029, at *3 (S.D.N.Y. Nov. 20, 2000) (plaintiff claiming discrimination caused mental disability ordered to produce medical records); *see also*

---

1. Except for their January 12, 2011 letter, Defendants did not request a pre-motion conference prior to filing the instant motions, as required by the Court's Individual Rules. Instead, they simply filed letter—briefs, and in the case of the January 12 letter, did not cite to legal authority in support of their motion in violation of Local Rule 7.1. In the future, failure to request a pre-motion conference prior to filing a discovery motion could result in the motion being denied on that basis alone.

*Pro Se* Manual, at 88 ("If you have placed your medical (or mental health) condition in issue in the lawsuit (such as by claiming . . . emotional distress or pain and suffering), the defendant may ask you to complete and return a release or authorization so that the defendant can obtain medical or other 'private' records and information from a nonparty such as your doctor.").

Accordingly, Haber is directed to supplement his response to Interrogatory No. 12 and Document Requests Nos. 9, 12, and 26 to identify each of his mental health care providers since 2005, and provide Defendants with fully-executed HIPAA-compliant and Social Security Disability forms (copies of which Defendants have provided to him). If Haber has not been treated by any mental health care providers since 2005, then he must so state in response to each discovery request.

### 3. *Itemized Computation of Damages*

■ Document Request No. 13 and Interrogatory No. 10 seek an itemized computation of damages and the basis for that amount. Compl. ¶ V. Although Haber responded to Interrogatory No. 10 by claiming $6,000,000 in damages, he does not explain or otherwise provide a basis as to how he arrived at this amount. His response to Document Request No. 13 as "ambiguous" is nonresponsive. Rule 26 permits discovery regarding the "computation of each category of damages claimed" early in litigation. Fed. R. 26(a)(1)(A)(iii), (C). Thus, Defendants are entitled to discovery regarding Haber's claim for $6,000,000 in damages and his calculation of this amount. Haber is directed to supplement his response to Interrogatory No. 10 by itemizing each category of damages alleged in the amended complaint, and to supplement his response to Document Request No. 13 by producing responsive documents to the extent he is in possession, custody, or control of such documents, and if he is not, then he should so state.

### 4. *Information Concerning Plaintiff's Residency*

■ Document Request Nos. 2, 4, 5, and 10 seek documents relating to the terms and conditions of Haber's residency at 250 West 50th Street, including documents evidencing compensation received by him related to his housing, and rental demands issued to him by Defendants. Though Defendants may be in possession of documents regarding Haber's residency (such as copies of lease agreements with ASN and rental payments made by him), this does not relieve Haber of his obligation to provide responsive documents also in his possession, custody, or control. *See, e.g., Kingsway Fin. Servs., Inc. v. Pricewaterhouse–Coopers LLP,* 2008 WL 4452134 (S.D.N.Y. Oct. 2, 2008) (plaintiff may request documents from adversary already in plaintiffs possession).

Haber is directed to produce responsive documents that are in his possession, custody, and control, or state that he does not possess any responsive documents. *See Universal Acupuncture Pain Servs., P.C. v. State Farm Mut. Auto. Ins. Co.,* No. 01 Civ. 7677(SAS), 2002 WL 31309232, at *4 (S.D.N.Y. Oct. 15, 2002) ("[A] party's good faith averment that the items sought simply do not exist, or are not in his possession, custody, or control, should resolve the issue of failure of production.").

### 5. *Documents Supporting Allegations of Discrimination*

■ Document Requests Nos. 11, 12, 16, and 25 seek documents relating to the allegations in the Amended Complaint. Discovery is guided by the allegations raised in the complaint and the defenses asserted—here, that Defendants commenced the landlord/tenant proceeding as a pretext to evict Haber from his apartment because of his race, Am. Compl. ¶ III(B)-(C). Defendants assert that the landlord-tenant proceeding was commenced for legitimate, non-discriminatory purposes. Answer to Amended Complaint ¶ 12. Documents concerning the events giving rise to the landlord-tenant proceeding, including rental payments made by or on behalf of Haber, are relevant. Accordingly, documents in Haber's possession, custody, or control concerning his allegation of racial discrimination, including documents concerning Defendants' allegedly harassing conduct towards him, (Am.Compl. ¶ III(C)), should be produced. If Haber is not in

possession of any responsive documents, then he must explicitly say so.

### 6. *Identities of Similarly Situated Residents*

Interrogatory No. 15 seeks the identities of similarly situated non-black residents residing at 250 West 50th Street who failed to pay rent, but were treated differently from black residents with respect to collection of past due or unpaid rent. Plaintiff's response that the landlord-tenant proceeding "HAD NOTHING TO DO WITH BACK RENT, [sic] ASN 50th STREET LLC ET AL DECISION WAS RACIALLY MOTIVATED," is non-responsive. Plaintiff is directed to supplement his response to Interrogatory No. 15 accordingly, or state that he is not aware of any such individuals.

### 7. *Disclosure of Witnesses*

Interrogatory Nos. 2, 3, 5, 7, and 9 seek the identities of persons who allegedly discriminated against Haber, and the identities of individuals who witnessed that conduct. Haber responds to Interrogatory No. 3 by stating that "ASN 50TH STREET LLC, ET AL COMMENCED HARASSING PLAINTIFF ...." Ayazi Jan. 12 Letter, EX. C. Haber responded to the remaining interrogatories by stating that such requests are either redundant or ambiguous. *Id.* They are not.

Rule 26 requires that parties identify "each individual likely to have discoverable information—along with the subject of that information—that the disclosing party may use to support its claims or defenses." Fed. R.Civ.P. 26(a)(1)(A)(i). Failure by a party to disclose the identity of witnesses during discovery may result in the Court precluding that party from presenting the witnesses at trial. *See, e.g., Fleming v. Verizon New York Inc.*, No. 03 Civ. 5639(WHP), 2006 WL 2709766, *8–9 (S.D.N.Y. Sept. 22, 2006) (precluding witnesses not identified in plaintiff's Rule 26(a) disclosures from testifying for summary judgment purposes).

The amended complaint alleges that neighbors on Haber's floor witnessed certain of the Defendants' harassing conduct. Am. Compl. ¶ III(C) ("Neighbors on my floor would see notices on my door."). Haber is required to provide Defendants with the identities of these individuals, and any and all other persons who allegedly witnessed Defendants harass and/or discriminate against him. This includes identifying each individual alleged in the amended complaint to have harassed him. Haber is directed to amend his response to Interrogatory Nos. 2, 3, 5, 7, and 9 accordingly.

### B. Motion to Quash the Sellers Subpoena

In a letter to the Court dated January 25, 2011, Defendants seek an order quashing the subpoena served upon Sellers, dated January 13, 2011 (the "Sellers Subpoena"), pursuant to Rule 45(c) of the Federal Rules of Civil Procedure. Defendants argue that the Sellers Subpoena was not properly served, and that the subpoena seeks information duplicative of Haber's discovery requests. Letter of Alex Ali Ayazi, dated January 25, 2011 ("Ayazi Jan. 25 Letter").

Defendants argue that the Sellers Subpoena was placed in the mailbox of defendant Early, *id.*, while Haber contends that it was "served upon Mr. Sellers in an envelope marked personal and confidential delivered to [ASN's] office [at] 1250 Broadway, New York." Letter of David Martin Haber, dated January 26, 2011 ("Haber Jan. 26 Letter"), at 1. Neither party has provided the Court with a copy of the affidavit of service for the Sellers Subpoena.[2] Regardless of whether the subpoena was left in Early's mailbox or delivered to ASN's offices, Defendants' motion to quash is granted because neither method of service is authorized by the Federal Rules of Civil Procedure, and alternative service was not authorized by the Court.

Rule 45 provides that "[s]erving a subpoena requires delivering a copy to the named person and, if the subpoena requires that

---

**2.** Rule 45 prohibits a party to an action from personally serving a subpoena. Although the Affidavit of Service to the Sellers Subpoena is not among the materials before the Court, Plaintiff is advised that he may not serve the Sellers Subpoena himself, Fed.R.Civ.P. 45(b)(1) ("Any person who is at least 18 years old *and not a party* may serve a subpoena,") (emphasis added).

person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Fed.R.Civ.P. 45(b)(1). Although "case law is split as to whether a subpoena may be validly served (absent consent) by any means other than personal delivery to the witness . . . alternate service *must be authorized by a court.*" *Lapin v. Goldman, Sachs & Co.,* 2009 WL 2924521, at *2 (S.D.N.Y. Sept. 10, 2009) (emphasis added); *see also JPMorgan Chase Bank, N.A., v. IDW Group, LLC,* No. 08 Civ. 9116(PGG), 2009 WL 1313259, at *3 (S.D.N.Y. May 11, 2009) (permitting alternate service of subpoena on motion). *Accordingly, the Sellers Subpoena is quashed because it was not personally served upon Sellers.*

█ The Sellers Subpoena is quashed for the additional reason that it is duplicative of Haber's document requests, *Burns v. Bank of Am.,* No. 03 Civ. 1685(RMB)(JCF), 2007 WL 1589437, at *14 (S.D.N.Y. June 4, 2007), to which Defendants have provided responses. *See* Ayazi Jan. 25 Letter, Ex. F (ASN Defendants' Objections and Responses to Plaintiff's First Set of Document Requests). The Court notes that the majority of the items sought by the Sellers Subpoena do not appear to be "reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). Although the scope of discovery is broad, it "is not boundless, and a court may place limits on discovery demands that are 'unreasonably cumulative or duplicative.'" *Burns,* 2007 WL 1589437, at *3 (quoting Fed.R.Civ.P. 26(b)(2)(C)). "Where a party has subpoenaed a non-party, '[t]he party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings.'" *Crosby v. City of New York,* 269 F.R.D. 267, 282 (S.D.N.Y. 2010) (quoting *Kingsway Fin. Serv., Inc.,* 2008 WL 4452134, at *4) (alterations in original); *Koch v. Greenberg,* No. 07 Civ. 9600(BSJ)(DF), 2009 WL 2143634, at *2 (S.D.N.Y. July 14, 2009) ("Subpoenas issued under Rule 45 are subject to Rule 26(b)(1)'s overriding relevance requirement.").

Defendants' social security and bank account numbers, instances in which ASN failed to make payroll in a timely manner, monies paid to ASN by Verizon for cable installation; and copies of agreements between ASN and Verizon—to cite a few examples—have no relation to the issue of whether Defendants illegally commenced the landlord/tenant proceeding to evict Haber from his residence because he is African-American. *See* Ayazi Jan. 26 Letter, Ex. C. These items are repeated in Haber's document requests. *Id.* Ex. E. The scope of discovery, though broad, does not permit inquiry into these areas. Haber is attempting to use the discovery process as a vehicle to investigate matters unrelated to the allegations in the amended complaint. He is not permitted to do so.

### C. Motion to Vacate the Sellers Subpoena

█ Defendants also seek a protective order pursuant to Rule 26(c) vacating the Sellers Subpoena. Fed.R.Civ.P. 26(c). Rule 26 permits a court to limit "the frequency or extent of use of the discovery otherwise allowed" if it determines, among other things, that "the discovery sought is unreasonably cumulative or duplicative," or that "the burden or expense of the proposed discovery outweighs its likely benefit." Fed.R.Civ.P. 26(b)(2)(C)(i), (iii); *see also S.E.C. v. Rajaratnam,* 622 F.3d 159, 181 (2d Cir.2010) (discussing discretion of district court to manage discovery). Rule 26(c) also provides that "for good cause shown" a court may issue an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including "forbidding the disclosure or discovery." Fed. R.Civ.P. 26(c)(1).

Defendants argue that "Sellers is a high-level executive who has no personal knowledge of any relevant information concerning Plaintiff's lawsuit." Ayazi Jan. 25 Letter, at 2. There is, however, no blanket prohibition on taking discovery from high-level executives. *See Consolidated Rail Corp. v. Primary Indus. Corp.,* Nos. 92 Civ. 4927(PNL), 92 Civ. 6313(PNL), 1993 WL 364471, at *1 (S.D.N.Y. Sept. 10, 1993) ("[H]ighly-placed executives are not immune from discovery."). "Even where a high ranking corporate officer denies personal knowledge of the issue at hand, this 'claim . . . is subject to testing by

the examining party.'" *Retail Brand Alliance, Inc. v. Factory Mut. Ins. Co.,* No. 05 Civ. 1031(RJH)(HBP), 2008 WL 622810, at *5 (S.D.N.Y. March 7, 2008) (quoting *Consol. Rail Corp. v. Primary Indus. Corp.,* No. 92 Civ. 4927, 1993 WL 364471, at *1 (S.D.N.Y. Sept. 10, 1993)).

■■■ The proponent of a protective order bears the burden of demonstrating good cause for imposing limitations on discovery. *Penn Group, LLC v. Slater,* 07 Civ. 729(MHD), 2007 WL 2020099, at *13 (S.D.N.Y. June 13, 2007). "Likelihood of harassment and business disruption are factors to be considered in deciding whether to allow discovery of corporate executives." *Burns,* 2007 WL 1589437, at *3. The submission of an affidavit by a high-level executive has been found to satisfy a moving party's initial burden of demonstrating that the executive has no unique, relevant knowledge of facts giving rise to the allegations. *See, e.g., Retail Brand Alliance,* 2008 WL 622810, at *6 (affidavit by CEO with no "unique personal knowledge" satisfied "initial burden of demonstrating a lack of relevant knowledge."); *Bouchard v. New York Archdiocese,* No. 04 Civ. 9978(CSH)(HBP), 2007 WL 2728666, at *2–4 (S.D.N.Y. Sept. 19, 2007) (affidavit by Cardinal of Archdiocese of New York attesting to having "absolutely no personal knowledge" of lawsuit satisfied initial burden); *see also Gen. Star Indem. Co. v. Platinum Indem. Ltd.,* 210 F.R.D. 80, 83 (S.D.N.Y.2002) (denying protective order where no affidavits submitted by executives who also had relevant knowledge).

Here, Defendants have not satisfied their initial burden of demonstrating that Sellers does not have personal knowledge of the events giving rise to the allegations in the amended complaint. They have not provided the Court with an affidavit by Sellers attesting to his lack of knowledge, nor does their letter-brief state that Sellers was not employed with ASN during the relevant time period—a fact that, arguably, would weigh in favor of issuing a protective order. *See Burns,* 2007 WL 1589437, at *4–6 (denying motion to compel deposition of general counsel not employed with defendant at time of events giving rise to allegations in com-

plaint). In the absence of an affidavit by Sellers, the Court cannot conclude that he does not possess relevant information and therefore declines to protect him indefinitely from a deposition. *Accordingly, Defendants' motion for a protective order is denied without prejudice.* Should Haber properly serve Sellers with a subpoena, Defendants may seek a protective order at that time, if they can satisfy their burden as discussed herein.

**D. Motion to Quash the Early Subpoena**

■■■ In a third submission dated February 4, 2011 (again by letter-brief and without requesting a pre-motion conference), Defendants move to quash a subpoena *duces tecum* served on defendant Early on or about January 26, 2011 (the "Early Subpoena") as duplicative of Plaintiff's document requests. The Early Subpoena seeks "a copy of each and every lease of apartment at 250 W. 50th St., New York, N.Y. 10019 leased to corporations and or colleges and universities." Letter of Alex A. Ayazi, dated Feb. 4, 2011 ("Ayazi Feb. 4 Letter"), Ex. A.

The documents sought by the Early Subpoena are not "reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). Agreements between ASN and each of its lessees is not relevant to Haber's claim that Defendants are attempting to evict him from his residence because of his race, or the defense that the landlord/tenant proceeding was commenced because he was in arrears with respect to rental payments.

Moreover, the documents sought are duplicative of Haber's Document Request No. 1, which seeks a copy of "all current Corporation leases of apartments at 250 west 50th street [sic]." Ayazi Feb. 4 Letter, Ex. B. *Accordingly, Defendants' motion to quash the Early Subpoena is granted without prejudice to Plaintiff's ability to demonstrate to the Court the relevancy of such documents in the future.*

**E. Motion to Vacate the Early Deposition Notice**

■■■ Defendants also seek a protective order vacating the Early deposition notice. In addition to serving Early with a subpoena *duces tecum,* Haber previously noticed Ear-

ly's deposition to take place at his home on February 10, 2011. Ayazi Jan. 25 Letter, Ex. B. Defendants contacted Haber by e-mail on January 24, 2011, and advised him that they did not consent to the deposition taking place at his home, and that neither Early nor defense counsel would be available for a deposition on February 10, 2011. *Id.* Ex. D. Defendants proposed two alternate dates, and Haber responded the same day stating that he would let them know "in a few days" if he were available for a deposition on a different day.

On January 25, Haber contacted Defendants and advised that he had changed the location of the deposition to the Southern District of New York. Ayazi Feb. 4 Letter, Ex. E. He further advised Defendants that "if [he] were to receive all requested subpoenaed documents that [he] deem[s] to be satisfactory within 72 hours prior to deposition scheduled time and date the deposition or depositions would be canceled and deemed not necessary." *Id.*

Defendants argue that Haber's January 25 e-mail constitutes an "admission that he only seeks documents, not the testimony of the individuals he noticed for deposition." Ayazi Feb. 4 Letter, at 2. The Court does not agree and declines to accept counsel's interpretation of Haber's January 25, 2011 e-mail as an admission that he has no interest in deposing Early. Defendants cite no case law to support the conclusion that a *pro se* litigant waives his right to take a deposition at a later date by seeking the production of a document by subpoena *duces tecum*. Accordingly, *Defendants' motion for a protective order vacating the Early deposition notice is denied.*

To the extent Haber wishes to go forward with the Early deposition, the parties are directed to cooperate in scheduling the deposition to take place on a mutually agreeable date, time, and place. The parties should afford each other professional courtesies in setting deposition schedules, and seek intervention from the Court only as a matter of last resort.

## II. *Motion to Dismiss*

██ Defendants' motion to dismiss for failure to prosecute is denied. Defendants argue that the case should be dismissed because Haber failed to respond to their motion to compel. Ayazi Jan. 25 Letter, at 3. But Haber responded by letter dated January 24, 2011. (Doc. No. 40). Moreover, he has not demonstrated a prolonged neglect or reluctance to prosecute this action. Fed.R.Civ.P. 41(b); *Samman v. Conyers,* 231 F.R.D. 163, 166–67 (S.D.N.Y.2005). Indeed, if anything the opposite is true.

## III. *Conclusion*

For the reasons stated herein, Defendants' motion to compel Plaintiff to supplement his responses to Defendants' First Set of Interrogatories and First Set of Document Requests is GRANTED. Plaintiff is directed to serve Defendants with supplemental responses, consistent with this Memorandum and Order, by February 17, 2011.

Defendants' motion to quash the subpoena served upon R. Scot Sellers is GRANTED, Defendants' motion to quash the subpoena served upon Linda Early is also GRANTED, without prejudice to Plaintiff's ability to demonstrate to the Court the relevancy of the documents sought by the Early Subpoena. Defendants' motion for a protective order vacating the Sellers subpoena and the Early deposition notice is DENIED. Defendants' motion to dismiss for failure to prosecute is DENIED.

In light of the delays in obtaining Plaintiff's responses and authorizations, the Scheduling Order dated November 16, 2010, is modified as follows:

1. The discovery cut-off date is extended to March 31, 2011.
2. Defendants will file and serve their summary judgment motion by April 29, 2011.

Plaintiff's response will be due May 31, 2011. Any reply will be due June 14, 2011.

*There will be no further extensions.*

SO ORDERED.